ELLIS, Judge.
Mrs. Joyce Landon suffered a neck injury in an automobile accident which happened on May 29, 1972. This suit was filed for damages arising therefrom by Mrs. Landon and her husband, Dr. L. L. Landon. Defendants are George D. Mattix, George D. Mattix, Inc., Willie Coleman and Hartford Accident & Indemnity Company. At the trial, defendants stipulated liability, and the matter was tried on quantum only. An award of $12,500.00 was made to Mrs. Landon in the final judgment, and defendants have appealed, contending that the award is excessive. Plaintiffs have answered the appeal, asking for an increase.
The accident happened when Willie Coleman, driving a pick-up truck belonging to Mattix, backed into Mrs. Landon’s car, *1308 which was stopped behind him. Mrs. Landon’s head was thrown forward by the force of the impact.
Mrs. Landon consulted Dr. Roy Montalba-no, a family practitioner, on June 21, 1972. He found objective paravertebral muscle spasm in the neck, more to the left side, and tightness of the sternocleidomastoid muscle. He prescribed a muscle relaxant, the application of moist heat to the neck three times daily, and gave her Panalgesic to rub on her neck after each application of heat. Dr. Montalbano continued to treat Mrs. Landon conservatively through July and August, without any noticeable improvement in her condition. X-rays of her neck showed “localized chronic degenerative joint and disc disease at C6-C7 level”. There was also a bone'spur at the C5-C6 level possibly encroaching on a nerve. Dr. Montalbano saw Mrs. Landon eight times between September 8,1972, and January 8, 1975, and on each occasion found the same symptoms and complaints.
On September 18, 1972, Mrs. Landon saw Dr. Raeburn C. Llewellyn, a neurologist. Dr. Llewellyn made the same physical findings as did Dr. Montalbano. He felt that the conditions revealed by the X-rays were due to normal wear and tear, and to maturity. He was of the opinion that Mrs. Landon was suffering a painful condition in her neck of a mechanical type, and some irritation or compression of the nerve supplying the left forearm area.
He felt she needed more rigorous conservative treatment, and Mrs. Landon entered East Jefferson Hospital on October 2, 1972. She was treated with muscle relaxants, traction, heat and massage, and was discharged on October 13, 1972. Dr. Llewellyn continued to follow Mrs. Landon until February, 1974, during which time she was continuing her therapy at home. He was of the opinion that Mrs. Landon had achieved about 90 per cent recovery, and that she could avoid soreness by restricting or not doing about ten per cent of her normal day to day activities. He felt that this was the best she could hope for and that it would continue for life. He also felt that she had learned to live with her problem.
Dr. Daniel S. Sinclair, an orthopedist, examined Mrs. Landon on March 19, 1973. He was of the opinion that she had suffered an acute cervical sprain, and that there was possible disc involvement. He felt that conservative treatment was appropriate in her case, and that her symptoms had continued for a longer than usual period of time.
Dr. Russell C. Grunsten, an orthopedist, examined Mrs. Landon in July, 1974. He testified that his examination found her neck to be essentially normal. He also testified that the kind of accident in which she was involved was not likely to produce the type of injury of which she complained.
Dr. Harry F. Leveque, a dentist, removed a cracked left second molar from Mrs. Landon’s mouth in July, 1972. He attributed the crack in the tooth, which necessitated the removal, to the accident.
At the trial of the case, which took place in January, 1975, Mrs. Landon testified relative to the extent to which she had been forced to restrict her activities. She stated that she cannot lift things, and can do nothing that requires bending forward. She is restricted in her ability to push, scrub and carry things. She is no longer able to do things such as gardening, playing tennis, swimming and skiing, all of which she did extensively prior to the accident.
Defendants contend that Mrs. Landon suffered only a “mild” whiplash injury, and that the trial judge erred in classifying the injury as “moderately severe”. They claim that Mrs. Landon suffered only minor pain and inconvenience.
The trial judge found that Mrs. Landon suffered “considerable pain and suffering which has extended up to the time of the trial”, and that she “suffered a considerable restriction in her activities as a result of this accident.” There is sufficient evidence in the record to support these conclusions, and in view of the likelihood that Mrs. Landon’s condition will continue for life, we do not believe the award of $12,-500.00 for pain and suffering to be exces *1309 sive. We find it to be well within the limits of the broad discretion accorded to trial judges in fixing awards.
The judgment appealed from is therefore affirmed at defendants’ cost.
AFFIRMED.